UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARL JOSEPH MCDANIEL,

    Plaintiff,

v.                                                                     Case No. 17-C-1493

WARDEN MICHAEL MEISNER, et al.,

    Defendants.

**DECISION AND ORDER**

    Plaintiff Carl Joseph McDaniel, who is currently serving a state prison sentence at Columbia Correctional Institution (CCI), filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court to screen Plaintiff's amended complaint and on his motion for a preliminary injunction and motion to clarify.

**A. Screening of the Complaint**

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Plaintiff's amended complaint does not survive review because it suffers from the same defects that plagued the original complaint. Again, Plaintiff continues to attempt to improperly bring unrelated claims in a single case, and he asserts a variety of alleged injustices that occurred in two different correctional institutions. As instructed by the Seventh Circuit, under the controlling principle of Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). While a "party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party," Federal Rule of Civil Procedure 18(a), "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Moreover, Federal Rule of Civil Procedure 20 provides that joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Here, Plaintiff's amended complaint violates

2

the Federal Rules of Civil Procedure insofar as it advances unrelated claims against multiple defendants.

The court also notes that Plaintiff's amended complaint violates Federal Rule of Civil Procedure 8(a) which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's allegations are not set forth in a coherent, organized manner, which makes it difficult to discern which claims he intends to assert against each defendant. The Federal Rules of Civil Procedure require "parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Because Plaintiff's amended complaint does not comply with the Federal Rules of Civil Procedure, the court will strike the amended complaint.

The court nevertheless recognizes that Plaintiff's amended complaint suggests that he has cognizable claims. Therefore, the court will attempt to recruit counsel for the limited purpose of assisting Plaintiff with drafting an amended complaint that complies with the Federal Rules of Civil Procedure.

**B. Motion for Preliminary Injunction**

Now that there is no longer an operative complaint in this matter, the court recognizes that, legally, it may not have jurisdiction over Plaintiff's motion for a preliminary injunction, which would be reason enough to deny the motion outright. Yet, Plaintiff's motion raises serious allegations regarding his physical health and well-being that the court believed warranted further investigation. In his motion, Plaintiff asserts that Defendants have placed him in a unit with stairs and bunks, despite the fact that he has serious medical needs that prevent him from walking. He

claims that as a result of being placed in this unit, he has not attended any chapel, recreation, and physical therapy; will not be able to eat meals; and cannot sign up for showers, phone, library, or recreation. Plaintiff also asserts that Defendants intentionally ignore his severe medical and mental disabilities. He seeks an order mandating that he be placed in a handicap accessible cell so that he can have access to programs, services, and benefits that inmates in general population receive. ECF No. 25. After considering these serious allegations and out of an abundance of caution, the court held a hearing on the motion on April 13, 2018. After speaking with Plaintiff and Defendants' counsel, the court directed Defendants to supplement the record with Plaintiff's medical records.

Plaintiff subsequently filed motions to supplement his motion for injunctive relief on April 25 and 26, 2018. He asserts that, after the hearing, CCI housing manager Fink removed Plaintiff's cell mate from their cell so that Plaintiff would be the only inmate in the cell. Fink told Plaintiff that he would determine whether Plaintiff required further accommodations, but in the meantime, CCI would not place another inmate in Plaintiff's cell unless it was "absolutely necessary." On April 20, 2018, Plaintiff successfully received cervical injections at Waupun Memorial Hospital. ECF No. 31. Plaintiff also asserts that, on April 23, 2018, he urinated in his bunk because the severe spasms in his back prevented him from getting to the toilet. He subsequently saw Health Services Staff and attended an appointment with Dr. Morsetter, a kidney specialist from UW Health Hospital. Dr. Morsetter indicated she would request that Plaintiff receive a single-cell restriction. ECF No. 33. Defendants submitted declarations from Paul Bekx, M.D., the medical director of the Department of Corrections' Bureau of Health Services, and Marlena Larson, Psy.D., the psychology director of the Wisconsin Department of Corrections, as well as Plaintiff's medical records. After considering the parties' submissions, the court concludes that Plaintiff's motion will be denied.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, the plaintiff must show that (1) he has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

Plaintiff's claim fails because he is not likely to succeed on the merits. It is clear from the declaration of Dr. Paul Bekx that Plaintiff is receiving extensive medical treatment for his multiple conditions, including hypertension, chronic obstructive pulmonary disease, chronic kidney disease, type 2 diabetes complicated by neuropathy, gout, fibromyalgia, anxiety, and degenerative joint disease in his spine with spinal stenosis. ECF No. 35 at ¶¶ 6, 25. Plaintiff was last seen by his primary care provider on April 13, 2018. *Id.* ¶ 22. The medical records indicate that, at that appointment, Plaintiff's physician did not see any reason to declare him disabled. ECF No. 35-2 at 7–8. Plaintiff's current accommodations include a wheeled walker in his cell, a cane for use with stairs, and a low bunk restriction. ECF No. 35 at ¶ 23. Plaintiff suggests in his supplemental filings that he has received medical treatment since the hearing and that CCI has addressed his concerns. In other words, Defendants are treating Plaintiff's medical conditions and are accommodating his needs as necessary. For these reasons, the court cannot conclude that Plaintiff is likely to succeed on the merits, and the motion for a preliminary injunction is denied.

**C. Motion to Clarify**

On May 14, 2018, Plaintiff filed a motion to clarify, requesting that the court advise what steps he may take to appeal in the event the court denies his motion for a preliminary injunction. Plaintiff's request is denied, as the court cannot provide legal advice or material. The court nevertheless directs Plaintiff to the Federal Rules of Appellate Procedure as well as 28 U.S.C. § 1292, which governs appeals of interlocutory orders, such as an order denying a motion for a preliminary injunction.

**IT IS THEREFORE ORDERED** that the amended complaint submitted on January 12, 2018 be and the same is hereby **stricken**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to include new evidence (ECF No. 21) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to voluntarily dismiss defendants (ECF No. 22) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an expedited decision on injunctive relief and for preliminary injunction (ECF No. 25) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions to supplement (ECF Nos. 31, 33) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to clarify (ECF No. 39) is **DENIED**.

Dated this  17th  day of May, 2018.

                                                s/ William C. Griesbach
                                                William C. Griesbach, Chief Judge
                                                United States District Court